## Mississippi Electronic Courts
### Twelfth Circuit Court District (Forrest Circuit Court)
### CIVIL DOCKET FOR CASE #: 18CI1:22-cv-00187

MONROE et al v. ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
Assigned to: Jon Weathers

**Upcoming Settings:**

None Found

Date Filed: 11/22/2022
Current Days Pending: 30
Total Case Age: 30
Jury Demand: None
Nature of Suit: Other Torts (175)

---

**Plaintiff**
**JONATHAN MONROE**

represented by **Michael Vincent Ratliff**
Johnson Ratliff & Waide PLLC
P.O. Box 17738
HATTIESBURG, MS 39404
601-582-4553
Fax: 601-582-4556
Email: mratliff@jhrlaw.net
*ATTORNEY TO BE NOTICED*

**Seth M. Hunter**
Dukes Dukes & Hunter
P.O. Box 2055
HATTIESBURG, MS 39403
601-832-0261
Fax: 601-544-4425
Email: sethmhunter@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**AMY MONROE**

represented by **Michael Vincent Ratliff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Seth M. Hunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**

**Defendant**
**AND JOHN DOES 1-10**

represented by **AND JOHN DOES 1-10**
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2022 | 1 | Civil Cover Sheet. (Price, Rebecca) (Entered: 11/22/2022) |
| 11/22/2022 | 2 | COMPLAINT against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, AND JOHN DOES 1-10, filed by JONATHAN MONROE, AMY MONROE. (Price, Rebecca) (Entered: 11/22/2022) |
| 11/22/2022 | 3 | SUMMONS Issued to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. (Price, Rebecca) (Entered: 11/22/2022) |
| 12/15/2022 | 4 | NOTICE of Appearance by Seth M. Hunter on behalf of AMY MONROE, JONATHAN MONROE (Hunter, Seth) (Entered: 12/15/2022) |
| 12/19/2022 | 5 | SUMMONS Returned Executed by JONATHAN MONROE, AMY MONROE. *Re:* ** 3 SUMMONS Issued to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. (Price, Rebecca)** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY served on 12/3/2022, answer due 1/2/2023. Service type: Certified Mail (Ratliff, Michael) (Entered: 12/19/2022) |

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/22/2022 09:41:23 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | ma105520M | **Client Code:** | 185.210075 |
| **Description:** | Docket Report | **Search Criteria:** | 18CI1:22-cv-00187 |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

| COVER SHEET | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| **Civil Case Filing Form** | FILED | | |
| (To be completed by Attorney/Party Prior to Filing of Pleading) | County # Judicial District (CH, CI, CO) NOV 2 2022 | | |
| | | | Local Docket ID |
| Mississippi Supreme Court   Form AOC/01 | Month   EMBREST COUNTY CIRCUIT CLERK | | 22-187 |
| Administrative Office of Courts   (Rev 2016) | This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

| In the CIRCUIT | Court of FORREST | County — | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | ☐ Reinstated | ☐ Foreign Judgment Enrolled | ☐ Transfer from Other court | ☐ Other |
|---|---|---|---|---|
| ☐ Remanded | ☐ Reopened | ☐ Joining Suit/Action | ☐ Appeal | |

**Plaintiff - Party Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual** MONROE                    JONATHAN

Last Name                    First Name                    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**

**Attorney (Name & Address)**  Michael V. Ratliff, Esq. 1300 Hardy St., 2nd Fl, Hattiesburg, MS 39401          MS Bar No. 4639

Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

**Individual**

Last Name                    First Name                    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**                    MS Bar No.

---

Check ( x ) if child support is contemplated as an issue in this suit.*
*if checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Alcohol/Drug Commitment (Adults) | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Other | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | **Children/Minors - Non-Domestic** | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Adoption - Contested | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Adoption - Uncontested | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | ☐ Consent to Abortion | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Minor Removal of Minority | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Other | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | **Civil Rights** | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Elections | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Expungement | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | ☐ Habeas Corpus | [X] Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Post Conviction Relief/Prisoner | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Other | ☐ Intentional Tort |
| **Appeals** | ☐ Heirship | **Contract** | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Breach of Contract | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Minor's Settlement | ☐ Installment Contract | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | ☐ Insurance | ☐ Mass Tort |
| ☐ Justice Court | ☐ Name Change | ☐ Specific Performance | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Other | ☐ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Will Contest | **Statutes/Rules** | ☐ Product Liability |
| ☐ Other | ☐ Alcohol/Drug Commitment (Adults) | ☐ Bond Validation | ☐ Subrogation |
| | | ☐ Civil Forfeiture | ☐ Wrongful Death |
| | | ☐ Declaratory Judgment | ☐ Other |
| | | ☐ Injunction or Restraining Order | |
| | | ☐ Other | |

IN THE _CIRCUIT_ COURT OF _FORREST_ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____  _____  _____     Docket No. If Filed
      File Yr    Chronological No.    Clerk's Local ID     Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** _MONROE_____ _AMY_____ ( _____ ) _____ _____
           Last Name       First Name     Maiden Name, if Applicable   Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _4639___ Bar # or Name: _Michael V. Ratliff_____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____ _____ ( _____ ) _____ _____
           Last Name       First Name     Maiden Name, if Applicable   Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
           Last Name       First Name     Maiden Name, if Applicable   Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

FILED

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI NOV 2 2 2022

FORREST COUNTY CIRCUIT CLERK

JONATHAN MONROE AND
AMY MONROE                                                    PLAINTIFFS

VS.                                          CAUSE NO. 22-187

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND JOHN DOES 1-10                         DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMANDED

The Plaintiffs, Jonathan Monroe ("Jonathan") and Amy Monroe

("Amy") together ("the Monroes"), file this civil action against

the Defendant, Allstate Vehicle and Property Insurance Company

("Allstate"), and in support state the following:

### INTRODUCTION

1.

The Monroes are adult resident citizens of Forrest County,

Mississippi. Allstate is an insurance company based in Northbrook,

Illinois which may be served with process upon its agent for

service of process, C.T. Corporation System of Mississippi, 645

Lakeland East Drive, Suite 101, Flowood, Mississippi 39432 or upon

the Commissioner of Insurance.

2.

This Court has jurisdiction over the parties and the subject

matter of this action. Venue is proper in Forrest County, as the

1

Monroes are residents of that county, the insured property in question is located in that county, and the incident that led to the filing of this action arose in that county.

## FACTS

3.

On March 11, 2021, the Monroes and their minor children lived in the home owned by Jonathan located at 668 Lynn Ray Road, Petal, Mississippi 39465. This property was insured by Allstate, policy number 810 969 442. (See Exhibit "A") Jonathan is an auctioneer who regularly travels out of town and out of state on his job. Amy does not work outside the home and stays home to care for the children.

4.

On March 11, 2021, two separate fires took place at the Monroes' home, which the Monroes believe originated in the electrical system. Jonathan was away from the home, traveling to Birmingham for work. At approximately 3:00 p.m., Amy called and told him the house was filled with smoke due to a fire. She called the fire department which sent trucks to put out the fire. Later that day, while Jonathan was in Birmingham, Amy called him and said another fire had broken out at the home.

2

5.

The fire and resulting smoke caused considerable damage to the Monroes' home. They have not been able to reside in the home since the fire. They have been residing in a camper located in the front yard of the home where they reside as of the date of the filing of this Complaint.

6.

Allstate had an electrical engineer examine the property; the Monroes and their counsel repeatedly requested a copy of this report which Allstate has refused to provide. The Monroes allege on information and belief that this report would confirm that the fire resulted from a problem in the electrical system. However, a fire inspector with EFI Global, hired by Allstate, asked Mr. Monroe why Mrs. Monroe would want to burn down the home (with the children in it). Allstate demanded voluminous financial documentation included but not limited bank statements, canceled checks, and other financial records beginning in 2018; credit cards for three years prior to the loss; cell phone records; paystubs, W-2s, and 1099's for two years prior to the date of loss; complete tax returns for the three years prior to the date of loss; attendance records from employers two years prior to the date of loss; utility statements from three years prior to the date of loss; documents reflecting criminal activity on the property for three years prior

to the date of loss; documentation reflecting foreclosures, repossessions, bankruptcies, judgments or liens for the five years prior to the date of loss; documentation received from the IRS regarding past due taxes; claims made for other insurance claims; and documentation of promissory notes, mortgages, car loans, student loans, and other loans. These are some, but not all, of the documents demanded by Allstate.

7.

The Monroes spent hours and hours gathering the requested documentation and incurred considerable expense in doing so. They both submitted to Examinations Under Oath. They cooperated with every demand made of them by Allstate.

8.

Allstate refused to adjust their claim in good faith and promptly as required under Mississippi law. Allstate has paid First Team and Service Master for allegedly cleaning the Monroes' personal property damaged by smoke but the Monroes have nowhere to store that property because the home is uninhabitable due to unrepaired damage to the home by smoke, soot, and mold. Allstate has failed to pay for the personal property damaged beyond repair by the fire. Allstate paid Service Master for some cleaning of the home but estimated the total net claim to be $16,822.03. However, the actual cost of repairs and replacement of appliances greatly

4

exceeds this amount. Although the home has remained vacant since the fire without power and although mold has formed in the home, Allstate has failed to take that into account. On September 12, 2022, Allstate adjuster Daryl Hopkins inspected the Monroes' home, acknowledge the presence of mold, stated he would add the cost of cleaning up the mold to damages incurred, but failed to do so.

9.

Although contacted by counsel for the Monroes, Allstate has never acted in good faith in a reasonable attempt to resolve this claim. Allstate has violated its duty to act in good faith and make a reasonable investigation into this claim even though the Monroes have provided all requested documentation and have submitted to Examinations Under Oath, Allstate has refused to act in a manner consistent with requirements of Mississippi law. Because of the negligent failure of Allstate and those parties acting on its behalf to meet their obligations under the insurance policy, the breach of the terms of the insurance policy and implied duty of good faith, their gross negligence, their willful, conscious, and wanton disregard of their duties to adjust the claim properly, and due to the emotional distress and other damages suffered by the Monroes, they file this civil action.

10.

On April 15, 2022, Allstate sent Jonathan a check for $16,822.03 referring to it as a "settlement agreement." Even though Allstate knew that the Monroes had counsel, Allstate did not contact Monroe's counsel prior to sending this check. The mischaracterization in the cover letter transmitting the check as a settlement agreement prohibited Jonathan from cashing the check, under the possibility that Allstate would claim accord and satisfaction of the claim. On July 6, 2022, counsel for the Monroes sent Allstate a letter stating that the check covered only a portion of the damages and that he did not accept the amount as payment in full according to satisfaction of the amount owed to him by Allstate. Allstate never responded confirming that cashing the check would not constitute full accord and satisfaction of the amount. Allstate responded referring to the "storm related damage," indicating Allstate does not even acknowledge the damages to the Monroes' real and personal property were caused by the fires. Allstate has deprived the Monroes of funds necessary to begin the repair of their home, further evidence of Allstate's bad faith and failure to adjust the claim promptly and in good faith.

### CAUSES OF ACTION

11.

### COUNT 1.

### BREACH OF CONTRACT-FAILURE TO PAY CLAIM

The Monroes' home and contents were substantially damaged by fire. Allstate, under its contract for insurance with the Monroes, has a duty to properly pay claims made by the Monroes. Allstate has breached its contract and has failed to pay the Monroes for the damages to their contents and home caused by the fire as required by their policy and by Mississippi law, for which Allstate is liable.

12.

### COUNT 2.

### BREACH OF CONTRACT-FAILURE TO CONDUCT AN ADEQUATE INVESTIGATION

Mississippi law and the Allstate policy of insurance requires an insurance company to make a reasonably prompt investigation of all relevant facts to the claim. It has a further duty, after an adequate investigation and realistic evaluation of the claim to tell the insureds, its customer, the plain truth. If cannot give a valid reason for denying the claim, it has a final duty to honor the claim promptly. Allstate failed in these responsibilities and

7

contractual duties and is therefore liable for its failure to pay the claim.

### 13.

### COUNT 3.

### VIOLATION OF THE OBLIGATION OF GOOD FAITH AND FAIR DEALING

Under Mississippi law, an insurance company has an implied covenant of good faith in fair dealing with its insured, the breach of which rises to the level of an independent tort. For the reasons stated in this Complaint, Allstate has violated this implied covenant and duty and is liable.

### 14.

### COUNT 4.

### ACTING WITHOUT AN ARGUABLE BASIS IN FAILING TO PAY THE CLAIM

Allstate had no reasonably arguable basis not to pay the damages incurred by the Monroes in this claim and is therefore liable for all actual and consequential damages arising from this brief.

15.

## COUNT 5.

## ACTING WITH MALICE AND GROSS NEGLIGENCE IN DISREGARD
## OF THE MONROES' RIGHTS

Under Mississippi law, an insurance company is liable for punitive damages when it acts with malice and gross negligence which evidences a willful, wanton, or reckless disregard of the rights of its insured. Because Allstate acted in this matter and because the purpose of punitive damages is to punish Allstate for its conduct in this case to serve as a deterrent to keep other insurance companies from treating their insureds in this matter, Allstate is liable for punitive damages.

16.

## COUNT 6.

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Mississippi law permits the recovery of damages in cases in which there is evidence of willful, wanton, malicious, outrageous or intentional wrong and where mental or emotional distress is a foreseeable conduct of the defendant. In this case, Allstate has refused to adjust this claim promptly and in good faith. The result has been to deprive the Monroes of the use of their home all the while they have continued to have to pay the mortgage, insurance, and taxes. The Monroes and their children have had to live in a

9

camper parked in the yard of their home. Allstate's conduct falls into the category for which they are entitled to recover not only actually damages for emotional distress and mental anguish but also punitive damages.

17.

## PUNITIVE DAMAGES

Allstate's acts, as set forth above, were not only negligent, in breach of contract and tortious breach of contract, but were also intentional, malicious, willful, wanton and in reckless disregard for the rights of the Monroes. Therefore, under §11-1-65, the Court should award of punitive damages against the Defendant, including, but not limited to, attorney's fees, attorney's expenses and Court costs in order to punish Defendant for its conduct and set a precedent for others who may act in a similar fashion.

## DAMAGES DEMANDED

18.

The Monroes demand from Allstate an amount consistent with the jurisdiction of this Court for the following:

> 1.   Actual damages for their loss caused by the fires
>       on March 11, 2021 and for Allstate's breach of

10

contract and violation of Mississippi law in failing to pay them for those damages;

2.   Actual damages for the failure of Allstate to investigate their claim properly and for the failure to pay the claim in a timely manner for the conscious gross and reckless disregard of the rights of the Monroes;

3.   Punitive damages for depriving Monroes of the use of their home by forcing them to live in a camper due to the inhabitability of their home;

4.   Mental and emotional distress due to Allstate's failure to adjust the claim properly and timely, depriving the Monroes of the use of their home and personal property;

5.   Damages to which they are entitled under *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss.1992);

6.   Damages for attorney's fees incurred, cost of court, litigation expenses, and other expenses incurred in pursuing this action; and

7.   Any other damages to which they are entitled under the law.

11

WHEREFORE, the Monroes demand from Allstate an award of damages consistent with the jurisdictional limits of this Court, including but not limited to compensatory damages, as well as punitive damages and damages for emotional distress caused by the acts of Allstate's bad faith, as well as attorney's fees, costs of court fees and any other relief to which they are legally entitled and which the Court deems proper.

RESPECTFULLY SUBMITTED, this the 22nd day of November, 2022.

JONATHAN MONROE and
AMY MONROE, Plaintiffs

BY:

MICHAEL V. RATLIFF, ESQ.

SETH M. HUNTER, ESQ.


MICHAEL V. RATLIFF, ESQ.
JOHNSON, RATLIFF & WAIDE, PLLC
Attorney for Jonathan Monroe and
Amy Monroe
1300 Hardy Street
Hattiesburg, Mississippi 39401
Post Office Box 17738
Hattiesburg, Mississippi 39404-7738
Telephone: (601) 582-4553
Facsimile: (601) 582-4556
Mississippi Bar No. 4639
E-Mail:

SETH M. HUNTER, ESQ.
DUKES, DUKES & HUNTER, PLLC
Attorney for Jonathan Monroe and
Amy Monroe
Post Office Box 1111
Hattiesburg, Mississippi 39403
Office: (601) 450-8080
Toll Free: 1 (866) 597-4641
Facsimile: 1 (888) 761-5281
E-Mail: sethmhunter@gmail.com

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

JONATHAN MONROE AND
AMY MONROE                                                      PLAINTIFFS

VS.                                          CAUSE NO. 22-187

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND JOHN DOES 1-10                            DEFENDANTS

## RULE 4 SUMMONS

THE STATE OF MISSISSIPPI

TO:  Allstate Vehicle and Property Insurance Company
     Registered Agent: C.T. Corporation System of Mississippi
     645 Lakeland East Drive, Suite 101
     Flowood, MS 39432

     OR WHEREVER SHE MAY BE FOUND

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand-deliver a copy of a written
response to the Complaint to Michael V. Ratliff, the attorney for the
Plaintiff, whose post office address is P.O. Box 17738 Hattiesburg,
MS 38404-7738, and whose street address is 1300 Hardy Street,
Hattiesburg, MS 39401.  Your response must be mailed or delivered
within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for
the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk
of this Court within a reasonable time afterward.

     Issued under my hand and the seal of said Court, this 22
day of November, 2022.

                          WILKS, CIRCUIT CLERK
                          FORREST COUNTY, MISSISSIPPI
                          Box 992
                          Hattiesburg, MS 39403

(Seal)                                            Deputy Clerk

PROOF OF SERVICE- SUMMONS
(Process Server)

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
Name of Person or Entity Served

I, the undersigned process server, served the Complaint pursuant to Rule 4, MISS.R.CIV.P. upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

_____ PERSONAL SERVICE. I personally delivered copies to _____, on the _____ day of _____, 2022, where I found said person in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the ____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the returned envelope marked "Refused".*)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $

Process server must list below: [*Please print or type*]

Name:_____    Social Security Number:_____

Address:_____

_____    Telephone No.:_____

                                         _____
                                         Process Server (Signature)

STATE OF MISSISSIPPI

COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

Sworn to and subscribed before me this the ____ day of _____, 2022.

                                         _____
                                         Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

JONATHAN MONROE AND
AMY MONROE                                                      PLAINTIFFS

V.                                             CIVIL ACTION NO. 18CI1:22-CV-00187

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND JOHN DOES 1-10                    DEFENDANTS

### **ENTRY OF APPEARANCE**

COMES NOW, Seth M. Hunter, Esq. of Dukes Dukes & Hunter, and enters his appearance

in the above-styled and numbered cause on behalf of, and as attorney for, Jonathan Monroe and

Amy Monroe, and respectfully requests that all notices, pleadings, motions, responses, and any

and all other filings be served upon him at the points of contact listed below.

RESPECTFULLY SUBMITTED, this the 15th day of December, 2022.

JONATHAN MONROE
AND AMY MONROE,
PLAINTIFFS

BY:      *s/Seth M. Hunter (MSB# 101145)*
Dukes, Dukes, and Hunter
226 W. Pine Street
Post Office Box 2055 (39403)
Hattiesburg, Mississippi 39401
Telephone: (601) 544-4121
Facsimile: (601) 544-4425
E-Mail:  shunter@jdukeslaw.com
*Attorney for Plaintiffs*

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

JONATHAN MONROE AND
AMY MONROE

                                                        **PLAINTIFFS**

VS.                                        CAUSE NO. _____

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND JOHN DOES 1-10

                                                        **DEFENDANTS**

<u>RULE 4 SUMMONS</u>

THE STATE OF MISSISSIPPI

TO:  Allstate Vehicle and Property Insurance Company
     Registered Agent: C.T. Corporation System of Mississippi
     645 Lakeland East Drive, Suite 101
     Flowood, MS 39432

     OR WHEREVER SHE MAY BE FOUND

<u>NOTICE TO DEFENDANT(S)</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written
response to the Complaint to Michael V. Ratliff, the attorney for the
Plaintiff, whose post office address is P.O. Box 17738 Hattiesburg,
MS 38404-7738, and whose street address is 1300 Hardy Street,
Hattiesburg, MS 39401.  Your response must be mailed or delivered
within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for
the money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk
of this Court within a reasonable time afterward.

    Issued under my hand and the seal of said Court, this _____
day of November, 2022.

                        GWEN WILKS, CIRCUIT CLERK
                        FORREST COUNTY, MISSISSIPPI
                        P.O. Box 992
                        Hattiesburg, MS 39403

(Seal)                  By: _____
                              Deputy Clerk



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System of MS
Registered Agent for
Allstate Vehicle and Property Ins.
645 Lakeland East Dr, Suite 101
Flowood, MS 39432

9590 9402 7182 1284 8434 99

2. Article Number *(Transfer from service label)*

7017 2400 0001 1423 9647

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                   12 3 22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt